**IN THE UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF MISSOURI, SOUTHERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY M. CHEMEL | ) | |
| (a/k/a Kristeva Wolves) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| THE DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, | ) | |
| **Serve at**: | ) | |
| Department of Veterans Affairs | ) | |
| Office of General Counsel | ) | |
| Torts Law Group | ) | |
| 810 Vermont Avenue, NW | ) | |
| Washington, DC 20420 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| DENIS MCDONOUGH, | ) | |
| Secretary of Veterans Affairs | ) | |
| **Serve at**: | ) | |
| Department of Veterans Affairs | ) | |
| Office of General Counsel | ) | |
| Torts Law Group | ) | |
| 810 Vermont Avenue, NW | ) | |
| Washington, DC 20420 | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

### Parties

1. Plaintiff, Timothy Chemel ("Kristeva Wolves"), is a citizen of the State of Missouri, and resides in Springfield, Greene County, Missouri.

2. Defendant, Department of Veterans Affairs (the "Department"), is a federal agency subject to the laws of the Federal Government, and may be served at the address set forth above.

1

Case 6:24-cv-03058-LMC    Document 1    Filed 02/27/24    Page 1 of 9

3. Defendant, Dennis McDonough, is the Secretary of Veterans Affairs, and is subject to the laws of the Federal Government, and may be served at the address set forth above.

**Jurisdiction**

4. Jurisdiction and venue are proper in this Court pursuant to Title VII of the Civil Rights Act of 1962, as amended, Section 701 et. seq., 42 U.S.C. 2000(e) et. seq., in that Plaintiff was damaged by the wrongful conduct of employees of the Department, as further alleged herein, and as a result, a federal question arises that must be adjudicated by this Court.

**Facts**

5. Plaintiff, Kristeva Wolves, is a United States Navy Veteran, who conducted multiple tours on behalf of the United States of America.

6. Plaintiff was genetically born as a male, but at all times relevant hereto, identified, and currently identifies, as a female, Kristeva Wolves.

7. Following her service in the U.S. Navy, Kristeva was employed by the Department of Veterans Affairs (the "Department"), where she was ultimately placed at the Gene Taylor Outpatient Clinic, located in Springfield, Missouri (the "Facility"), as a W-2 Environmental Service Technician, within the Facility's EMS department.

8. At all times relevant, Plaintiff's first level supervisor is John Doe 1, the WS-2 EMS Supervisor (who is a male) ("S1"), second level supervisor is John Doe 2, the GS-12 Chief, EMS department (who is a male) ("S2"), and third level supervisor is John Doe 3, the Assistant Medical Center Director, (who is a male) ("S3").

9. On January 9-10, 2023, through a series of emails, S2 directed S1 to refer to Plaintiff by her pre-transition name and gender, even though Plaintiff has not utilized her pre-

2

transition name since September, 2020. The directives and statements from S2 to S1 were witnessed by at least one individual.

10. In response, S3 allegedly informed S2 multiple times to use Plaintiff's post-transition name, Kristeva Wolves, and that he believed S2 was deliberately discriminating against Plaintiff in failing to do so.

11. On January 15, 2023, Plaintiff returned to work after taking sick leave, solely due to S2's initial discrimination, with a doctor's note stating the reasons for Plaintiff's sick leave. However, to further harm and discriminate Plaintiff, S2 instructed S1 to inform Plaintiff that she needed to go back to the doctor and get a note with her pre-transition name, or her sick leave would be denied.

12. On January 17, 2023, S2 sent an email to the EMS department regarding proper terminology and usage of names and pronouns for transgender individuals. The email stated that, "there was one transgender employee in the EMS", in an attempt to paint Plaintiff with a scarlet letter, and subject her to further ridicule from her peers.

13. On February 10, 2023, Plaintiff, Kristeva Wolves, filed her formal complaint with the EEO, alleging that officials at the VA Healthcare System of the Ozarks, Gene Taylor Outpatient Clinic, located in Springfield, Missouri, discriminated against her based on her gender (female).

14. Through the EEO investigation, it was determined that S2 told S1 Plaintiff should **only** be referred to by her pre-transition name. S2 required S1 to inform all shift leaders to follow in suit, and refer to Plaintiff by her pre-transition name, that she had not utilized since 2020. This directive was sent via email to several employees within the EMS department at the Facility.

3

15. The Department's Office of Resolution Management, Diversity and Inclusion

("ORMDI") determined that discrimination occurred, following an investigation

conducted by the EEO. The Final Agency's Decision is attached hereto as Exhibit A, and

incorporated herein.

## Count I – Violation of Title VII

16. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

17. Plaintiff identifies as a female.

18. Defendants, through their employees, took adverse employment actions against Plaintiff,

and/or treated her disparately on the basis of her sex as a female, set forth *infra*.

19. The Defendants' adverse employment actions and/or disparate treatment of Plaintiff

based on her sex have already been investigated and found to have occurred with direct

evidence.

20. As a result of the adverse employment actions taken by the Defendants based on

Plaintiff's sex, she has suffered damages including, but not limited to:

    a.  Emotional distress that has been medically diagnosed;

    b.  Lack of sleep;

    c.  Pain and suffering;

    d.  Loss of enjoyment of life;

    e.  Injury to her reputation;

    f.  Inconvenience;

    g.  Medical expenses;

    h.  Costs;

    i.  Attorney's fees; and

4

j.  Loss of sick leave.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in her favor and against the Defendants, jointly and severally, as follows:

(a)  For actual and compensatory damages all in a fair and reasonable amount;

(b)  For such interest as allowed by law;

(c)  For her costs herein incurred and expended;

(d)  For attorney's fees and costs; and

(e)  For such other and further relief as the Court deems just and proper under the circumstances.

### Count II – Intentional Infliction of Emotional Distress

21. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

22. Plaintiff identifies as a female.

23. Defendants, through their employees, intended to inflict emotional distress to Plaintiff, or that the Defendants, through their employees, should have known that emotional distress was the likely result of their conduct, as set forth *infra*.

24. That the Defendants' conduct set forth above was extreme and outrageous, and that such behavior is intolerable in a civilized community.

25. That the Defendants' conduct was the proximate cause of Plaintiff's distress.

26. The emotional distress suffered by Plaintiff is severe, and/or medically diagnosable.

27. As a result of the Defendants' intentional infliction of emotional distress, Plaintiff has suffered damages including, but not limited to:

a.  Emotional distress that has been medically diagnosed;

b.  Lack of sleep;

5

    c. Pain and suffering;

    d. Loss of enjoyment of life;

    e. Injury to her reputation;

    f. Inconvenience;

    g. Medical expenses;

    h. Costs;

    i. Attorney's fees; and

    j. Loss of sick leave.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in her favor and against the Defendants, jointly and severally, as follows:

    (a)    For actual and compensatory damages all in a fair and reasonable amount;

    (b)    For such interest as allowed by law;

    (c)    For her costs herein incurred and expended;

    (d)    For attorney's fees and costs; and

    (e)    For such other and further relief as the Court deems just and proper under the circumstances.

### Count III – Retaliation

28. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

29. Plaintiff identifies as a female, a protected expression under Title VII of the Civil Rights Act.

30. Plaintiff suffered an adverse employment action, as set forth *infra*, including, but not limited to, through emails that Plaintiff's supervisor sent to the EMS department.

6

31. There is a causal connection between Plaintiff's claimed gender identity, and the retaliation set forth above.

32. At all times relevant, there was a sufficient showing of a severe and pervasive hostile working environment.

33. As a result of the adverse employment actions and/or retaliation taken by the Defendants based on Plaintiff's sex, she has suffered damages including, but not limited to:

    a. Emotional distress that has been medically diagnosed;

    b. Lack of sleep;

    c. Pain and suffering;

    d. Loss of enjoyment of life;

    e. Injury to her reputation;

    f. Inconvenience;

    g. Medical expenses;

    h. Costs;

    i. Attorney's fees; and

    j. Loss of sick leave.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in her favor and against the Defendants, jointly and severally, as follows:

    (a)    For actual and compensatory damages all in a fair and reasonable amount;

    (b)    For such interest as allowed by law;

    (c)    For her costs herein incurred and expended;

    (d)    For attorney's fees and costs; and

(e)     For such other and further relief as the Court deems just and proper under the circumstances.

## Count IV – Hostile Work Environment

34. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

35. Plaintiff identifies as a female, a protected expression under Title VII of the Civil Rights Act.

36. At all times relevant hereto, the workplace at the Facility was permeated with discriminatory intimidation, ridicule, and insults which were severe and pervasive enough to alter the conditions of Plaintiff's employment and created an abusive working environment.

37. The pervasion was both subjectively and objectively apparent, according to a reasonable person.

38. Plaintiff suffered an adverse employment action, as set forth *infra*, including, but not limited to, through emails that Plaintiff's supervisor sent to the EMS department.

39. There is a causal connection between Plaintiff's claimed gender identity, and the retaliation set forth above.

40. At all times relevant, there was a sufficient showing of a severe and pervasive hostile working environment at the Facility.

41. As a result of the adverse employment actions and retaliation taken by the Defendants based on Plaintiff's sex, she has suffered damages including, but not limited to:

    a. Emotional distress that has been medically diagnosed;

    b. Lack of sleep;

    c. Pain and suffering;

8

d.  Loss of enjoyment of life;

e.  Injury to her reputation;

f.  Inconvenience;

g.  Medical expenses;

h.  Costs;

i.  Attorney's fees; and

j.  Loss of sick leave.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in her favor and against the Defendants, jointly and severally, as follows:

(a)  For actual and compensatory damages all in a fair and reasonable amount;

(b)  For such interest as allowed by law;

(c)  For her costs herein incurred and expended;

(d)  For attorney's fees and costs; and

(e)  For such other and further relief as the Court deems just and proper under the circumstances.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

EVANS & DIXON, LLC

_/s/C. Bradley Tuck_
C. Bradley Tuck, MO Bar No.: 35505
Jacob G. Eddy, MO Bar No.: 72272
4905 S. National Avenue, Bldg. B
Springfield, MO 65810
Phone: 417-882-4700 / Fax: 314-884-4371
btuck@evans-dixon.com
jeddy@evans-dixon.com
*Attorney for Plaintiffs*

9